**Linda Evon DeDONATO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 630–90.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 6, 1991.

---

Robin E. Mitchell, Robert Marquez, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry and Di Glaeser, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A county criminal court found Appellant, Linda Evon DeDonato, guilty of the Class B misdemeanor offense of conducting business at a sexually oriented commercial enterprise that did not have a permit. Appellant's behavior violated a Houston city ordinance and Texas Local Government Code § 243.008(b). Punishment was assessed at confinement for three days and a fine of $250. See Tex.Penal Code § 12.22. The First Court of Appeals affirmed Appellant's conviction. *DeDonato v. State*, 789 S.W.2d 321 (Tex.App.—Houston [1st Dist.] 1990). We granted Appellant's petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(5), in order to determine (1) whether the evidence was sufficient to support Appellant's conviction and (2) whether the court of appeals erred in holding that Appellant waived any error with respect to the jurisdiction of the trial court. We will affirm the judgment of the court of appeals.

In her first ground for review, Appellant argues for the first time that the State failed to prove her guilt beyond a reasonable doubt as required by the due process clause of the Fourteenth Amendment. Appellant argues specifically that the State failed to prove that the conduct charged was in fact prohibited by any Houston ordinance or that the punishment imposed was permitted by law. See *Howeth v. State*, 645 S.W.2d 787 (Tex.Cr.App. 1983) (failure to prove guilt beyond a reasonable doubt is fundamental error; State

must prove contents of city ordinance upon which prosecution is based); *Lange v. State*, 639 S.W.2d 304 (Tex.Cr.App.1982) (State must prove defendant's conduct prohibited and punishable under ordinance). Appellant points out correctly that a copy of the ordinance was neither offered in evidence nor judicially noticed by the trial court. The State responds, however, by noting there was testimony before the trial court regarding all relevant portions of the ordinance. Our review of the record reveals that the State's argument is well-taken.

Appellant was charged by information with

> intentionally and knowingly deliver[ing] and provid[ing] to a customer merchandise, goods and entertainment offered on the enterprise premises in a sexually oriented commercial enterprise, namely, an adult lounge, located within the corporate limits of the city of Houston at 5610 Richmond, and said adult lounge did not have a permit secured from the Chief of Police or his designated Director as required by Section 28–122(a) of the Houston City Ordinance governing sexually oriented businesses.

A Houston police officer testified at trial that, at the time of the offense, the City had an ordinance regulating sexually oriented businesses; that the ordinance defined "sexually oriented businesses" to include adult lounges, i.e., bars in which some female employees worked with exposed breasts; that the ordinance prohibited the conduct of business at sexually oriented businesses lacking permits from the Houston police department; and that, under the ordinance, permits could be issued only to businesses that complied with several enumerated conditions involving location, color of building, etc.

It is clear that this testimony was sufficient to prove that the charged conduct was prohibited and punishable under the ordinance. It is also clear that the prosecution demonstrated adequately that the punishment sought was permitted by law. Under Chapter 243 of the Texas Local Government Code, it was, at the time of the offense, a Class B misdemeanor to conduct business in a sexually oriented business that had been denied a permit because of its location.[1] The evidence at Appellant's trial established that her place of business had been denied a permit because of its location and color. Appellant's first ground for review is overruled.

In her second, third, and fourth grounds for review, Appellant argues that the county court did not have subject matter jurisdiction of this cause because the information did not allege the reason her place of business was denied a permit. Because of this omission, Appellant argues, it was not possible for her or the trial court to discern from the information whether the offense charged was a Class B misdemeanor or a Class C misdemeanor. See Tex.Code Crim. Proc. arts. 4.07 and 4.14. Because the court of appeals' opinion contains a lengthy discussion of Appellant's rather convoluted argument, we need not repeat it here. See *DeDonato*, 789 S.W.2d 321.

The essence of Appellant's argument seems to be that jurisdiction was lacking because "the jurisdiction of the county court at law does not appear on the face of the charging instrument." Appellant's Brief at 12. No complaint regarding the information or jurisdiction was lodged in the trial court.

---

1. Texas Local Government Code § 243.003 provided in relevant part:
     (a) A municipality by ordinance ... may adopt regulations restricting the location of a sexually oriented business.
     (b) An aspect of a sexually oriented business other than its location may not be regulated under this chapter.
   Section 243.006 provided in relevant part:
     (b) A municipality ... may restrict the density of sexually oriented businesses.
   Section 243.007 provided in relevant part:
     A municipality ... may require that a permit be obtained for the operation of a sexually oriented business.
   Finally, § 243.008 provided in relevant part:
     (b) A person commits an offense if the person violates a city ... regulation adopted under this chapter. An offense under this subsection is a Class B misdemeanor.

■ The State's principal response to Appellant's argument is that it was waived under Article 1.14(b) of the Texas Code of Criminal Procedure. We agree.

Article 1.14(b) provides in relevant part: If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

Article 27.08, in turn, provides in relevant part:

There is no exception to the substance of an indictment or information except:

\* \* \* \* \* \*

4. That it shows upon its face that the court trying the case has no jurisdiction thereof.

We recognized last term that Article 27.-08(4) refers to situations in which the trial court allegedly lacks subject matter jurisdiction. *Studer v. State*, 799 S.W.2d 263, 267 fn. 7 (Tex.Cr.App.1990). Thus, under Article 1.14(b), Appellant was obligated to raise any such objection in the trial court, while there was still an opportunity to correct any problem. Because Appellant did not object in the trial court, she may not complain on appeal. Grounds for review two, three, and four are overruled.

The judgment of the court of appeals is affirmed.

CLINTON, J., dissents, being in substantial agreement with the dissenting opinion below regarding judicial notice.

MALONEY, Judge, concurring.

Although I agree with the result reached by the majority, I disagree with the majority's reasoning in regard to appellant's complaint that the court of appeals erred in holding that the error in omission of a jurisdictional element in the information was waived without objection by appellant. The majority holds that such a complaint as to lack of jurisdiction must be raised at

trial to preserve error on appeal. I disagree.

The majority relies on Article 1.14 of the Texas Code of Criminal Procedure which provides that a defendant must object to a "defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences," or the objection is deemed waived. Article 1.14, V.A.C.C.P. The majority, in focusing on this language, fails to consider the interplay of other relevant provisions of law and, in so doing, overrules the basic and long-held principle that a lack of jurisdiction will render a conviction void and not merely voidable.

Although Article V, § 12 of the Texas Constitution provides that "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause," and Article 27.08 classifies a lack of jurisdiction as a substance defect, other provisions in the Code of Criminal Procedure set out the jurisdictional limits of the various types of courts, *see e.g.*, Articles 4.01, 4.05, 4.07, 4.14 and 4.16, V.A.C.C.P. All of these provisions must be interpreted in *pari materia* to give effect to the substantive jurisdictional requirements set out in the Code of Criminal Procedure. Further, the language in Article V, § 12 must be viewed in light of the cases from this Court that prompted its inclusion in the Texas Constitution.

The amendment to the constitution that created this provision was in direct response to a line of cases from this Court that held that a defect of substance in an indictment or information was a fundamental defect and could be raised for the first time on appeal. *See e.g. Gengnagel v. State*, 748 S.W.2d 227 (Tex.Cr.App.1988); *Brown v. State*, 558 S.W.2d 471 (Tex.Cr.App.1977); *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). The basis for this rule was explained by Judge Odom in *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976) (concurring opinion):

If the indictment fails to allege an offense against the laws of Texas, then it was insufficient to invoke the jurisdiction

of the trial court, and the conviction was void and subject to attack at any time.... Because such a defect, if shown, is jurisdictional in that it goes to the power of the trial court to hear the case and to enter a judgment of conviction against him, it may be asserted at any time.

*Id.* at 269.

Additional evidence of the legislature's and the voters' intent in so amending the constitution can be found in various sources.[1] The legislative history, in my view, indicates that the legislature did not intend for this amendment to completely eviscerate substantive jurisdictional requirements.

Furthermore, this Court's recent decision in *Studer v. State*, 799 S.W.2d 263 (Tex.Cr. App.1990) (interpreting TEX. CONST. art. V, § 12 and Article 1.14, V.A.C.C.P.), recognized that the substance defect listed in category 4 in article 27.08, V.A.C.C.P. ("That it [the indictment] shows upon its face that the court trying the case has no jurisdiction thereof"), is "a type of substance defect that is separate and distinct from one that, before the amendments to Article V, § 12, deprived the trial court of jurisdiction of the case for failure to allege all elements of an offense." *Id.* at 267, n. 7.

Finally, a literal reading of article V, § 12(b) could lead to absurd results. If the mere presentment of an indictment could vest jurisdiction in any court, then, absent an objection from the defendant, a capital murder case could be properly tried in a county court. I cannot believe that such a result was the legislature's or the voters' intent.

Thus, I would hold that a claim that a court was without statutory jurisdiction to try a particular case may be heard for the first time on appeal; and that a defendant, in failing to object to the charging instrument prior to the commencement of trial, does not waive his right to later claim that the charging instrument showed on its face that the trial court had no jurisdiction to try that case.

In the instant case, however, I would further find that the information was sufficient to aver proper jurisdiction of the case. The information alleged a violation of a Houston City Ordinance that was properly enabled under either TEX.LOC.GOV'T CODE § 215.074 or §§ 243.003 & 243.007.[2]

---

1. *See e.g., Analyses of Proposed Constitutional Amendments*, Texas Legislative Council Information Report, No. 85–3, August 1985:

   The courts have classified defects in charging instruments as either fundamental or nonfundamental. *Generally, a fundamental defect is one that is so profound that it renders the charging instrument invalid, voiding any conviction obtained as a result of the prosecution based on the charging instrument. A fundamental defect may be raised at any time, even years after trial. The courts have justified this result by reasoning that if the charging instrument contains a fundamental defect, the court never had jurisdiction of the case: thus the entire prosecution was, in effect, illegal and unauthorized.*

   \* \* \* \* \* \*

   [T]he proposed constitutional amendment would provide that a court has jurisdiction of a case when the charging instrument is presented to it. This change in the law would have a significant impact on the line of cases holding that a fundamental error in a charging instrument deprives the court of jurisdiction of the case. Presumably, the law developed in those cases will no longer be applicable. *It is possible, however, that the courts will still find jurisdictional problems in certain defective charging instruments.* (emphasis added).

   *See also* Texas House of Representatives, House Study Group, Special Legislative Report No. 120 on 1985 Constitutional Amendments, August 23, 1985:

   [The amendment] merely gives the Legislature long-overdue authority to implement the constitutional requirement of written charges in common-sense fashion. By stating flatly that the court has jurisdiction once the indictment, however flawed, is presented, ... [the amendment] would force defendants to examine the indictment closely before trial and make their objections early enough for the state [sic] to make needed corrections. Convicted criminals could no longer comb the Penal Code and precedents for a ritual phrase, omitted or misstated in the indictment, that could serve as a prison-escape clause.

2. Taken together, §§ 243.003(a) & 243.007 allow a municipality to issue or deny a permit to operate a sexually oriented business on the basis of the business's location. Testimony in the instant case indicated that the business in question was denied a permit because it was in violation of location regulations under the Houston City Ordinance.

Although the information was not clear as to which enabling statute was being used to support the prosecution, it was sufficient to vest jurisdiction in the trial court under article 27.08, V.A.C.C.P. Thus, I would affirm the judgment of the court of appeals, but on different grounds than does the majority.[3]

BAIRD and BENAVIDES, JJ., join.

---

**3.** Appellant did not raise the issue of whether the information in the instant case was sufficient to provide proper notice. *See Adams v.* *State,* 707 S.W.2d 900 (Tex.Cr.App.1986); U.S. CONST. amend. XIV; TEX. CONST. article I, § 10.