NO. 07-03-0452-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 16, 2004


______________________________



JEFFERY THOMAS PARADISE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________




FROM THE 411TH DISTRICT COURT OF POLK COUNTY;



NO. 17,149; HON. ROBERT HILL TRAPP, PRESIDING



_______________________________



Memorandum Opinion


________________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Jeffery Thomas Paradise appeals his conviction for indecency with a child. 
After a jury trial, appellant was found guilty and sentenced to 12 years imprisonment. He
timely filed a notice of appeal, and counsel was appointed to represent him. The latter has
moved to withdraw after filing a brief pursuant to Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he has searched the record and
found no arguable grounds for reversal. The brief illustrates that appellant was informed
of his right to review the record and file his own brief. So too did we inform appellant that
any brief he cared to file had to be filed by March 11, 2004. Upon request by appellant,
that deadline was extended to April 12, 2004. To date, appellant has neither filed a pro se
response nor moved for an additional extension of time. 

 We will proceed to address the validity of the issues raised by appointed counsel. 
The first is the legal and factual sufficiency of the evidence to sustain the conviction which
counsel explains is sustainable on the testimony of the child victim alone. Tex. Code Crim.
Proc. Ann. art. 38.07 (Vernon Supp. 2004); Perez v. State, 113 S.W.3d 819, 838 (Tex.
App.--Austin 2003, pet. ref'd). Further, the intent to arouse or gratify appellant's sexual
desire can be inferred from appellant's conduct without an oral expression of intent. 
McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); Wallace v. State, 52
S.W.3d 231, 234 (Tex. App.--El Paso 2001, no pet.). Thus, the victim's testimony that
appellant pulled down her panties, touched her on her private parts, put his finger inside
of her, and rubbed her was sufficient to uphold the conviction even though appellant
denied having performed any of those acts. 

 The second issue concerns the effective assistance of appellant's trial counsel.
Appellate counsel points out that trial counsel had a grasp of the facts and the applicable
law, adequately cross-examined the State's witnesses, presented a witness on appellant's
behalf at the punishment hearing, objected to improper questioning and successfully
challenged potential jurors during voir dire. No evidence of record illustrates that counsel
failed to provide a vigorous defense. 

 Next, counsel discusses the challenge of a potential juror for cause. The trial court
overruled appellant's challenge for cause to potential juror DeWayne Oates who knew the
family of the victim and also had an adopted sister who had been sexually assaulted. 
Nevertheless, Oates stated he could be fair and impartial. The trial court does not abuse
its discretion in refusing to grant a challenge for cause if the record shows as a whole that
the juror can set aside his preconceptions. Freeman v. State, 74 S.W.3d 913, 915 (Tex.
App.--Amarillo 2002, pet. ref'd). 

 Finally, the trial court also admitted the testimony of Lieutenant Darryl Hartless over
appellant's objection. Hartless testified that he had visited appellant in jail after appellant
had invoked his right to counsel in order to warn appellant that he was making statements
that might cause him to be harmed by other prisoners in jail. As he was doing so, appellant
asked him, "How much time do you think I'm going to get for this offense?" A voluntary oral
statement made by an accused while in custody is admissible if it is not the result of
custodial interrogation. Tex. Code Crim. Proc. Ann. art. 38.22 §5 (Vernon Supp. 2004);
Griffith v. State, 55 S.W.3d 598, 603 (Tex. Crim. App. 2001) (holding there is no Fifth
Amendment right to counsel if there is no interrogation). Custodial interrogation includes
not only express questioning but any words or actions on the part of police that they know
are reasonably likely to elicit an incriminating response. Jones v. State, 795 S.W.2d 171,
174 (Tex. Crim. App. 1990). In this instance, the officer did not question appellant but
provided a warning for his own safety. There was no reason for him to know that appellant
would pose the question that he did. For this reason, the trial court did not abuse its
discretion. 

 We have also conducted our own review of the record pursuant to Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991) and have found no arguable issue warranting
reversal. 

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed.


 Per Curiam


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 



ion Locked="false" Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0193-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                            OCTOBER
20, 2010

                                            ______________________________

 

                                                        RAFEAL G. QUINONES,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                           _______________________________

 

                        FROM THE 108th DISTRICT
COURT OF POTTER COUNTY;

 

                      NO. 57,455-E; HON. DOUGLAS
R. WOODBURN, PRESIDING

                                            ______________________________

 

Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Rafeal G. Quinones (appellant)
appeals his conviction for possessing a controlled substance.   His sole issue concerns whether the trial
court erred in denying his motion to suppress. 
We overrule the issue and affirm the judgment.

            Background

            Randy Mincher (Mincher), an Amarillo
Police Department officer, was dispatched to a business, My Club, to
investigate a possible fight around 2:50 a.m.  According to Mincher, My Club is an
after-hours club, where people usually go after the bars close to hang out
and continue partying.  Upon arriving,
the officer failed to observe a fight or find anyone admitting to a fight.  He nonetheless began looking around for any
other type of criminal activity present when he observed appellant holding a styrofoam
cup.  His experience told him that such
cups were often used to carry alcoholic beverages.  Furthermore, the consumption of such
beverages in a public place at that time of night was prohibited by a City of
Amarillo ordinance.   

            After appellant drank from the cup, Mincher
walked over to him, looked inside the cup, and discovered that it contained
beer.  At that point, appellant was
arrested for consumption after hours.  So
too was he searched incident to the arrest. 
The search resulted in the officers discovery of a clear plastic baggie
containing cocaine.  

            Once indicted, appellant moved to
have the contraband suppressed because the purported offense for which the
officer initially arrested him required the geographic location at which the
search occurred, i.e. My Club, to be
a public place.  In his view, it was not
such a locale because patrons were charged an admission fee and subject to
search and exclusion by security personnel. 
The trial court denied the motion, after which appellant pled guilty to
the charge for which he was convicted.

            Issue
 Motion to Suppress

            Before us appellant alleges that the
trial court erred in denying his motion since he had violated no law.  Furthermore, he allegedly violated no law since
My Club was not a public place and the City of Amarillo lacked the authority to
regulate establishments that permitted clientele to bring their own alcoholic
beverages onto the premises.  We need
only address the first contention since the second was not asserted below, and
having not been proffered to the trial court for consideration, it was
waived.  See Darnes v. State, 118 S.W.3d 916, 919 (Tex. App.Amarillo
2003, pet. refd)
(holding that the grounds for reversal asserted on appeal must comport with
those mentioned at trial, otherwise they are waived).

            We next note that the standard of review is one of abused
discretion.  Valtierra v. State, 310 S.W.3d
442, 447 (Tex. Crim. App. 2010); Guzman
v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997).  Thus, we defer to the trial court's findings
of historical fact but review, de novo,
the manner in which it applied the law to those facts.  Valtierra v. State, 310 S.W.3d at 447. 
Additionally, because the search at issue was incident to a warrantless
arrest, it would behoove us to reiterate when such an arrest can occur.  

            Authority has long held that police officers may make
warrantless arrests when facts and circumstances
within the knowledge of the officer, and of which he has reasonably trustworthy
information, would authorize a reasonably prudent person to believe that the
suspect committed or is committing a crime. 
State v. Ballard,
987 S.W.2d 889, 892 (Tex. Crim. App. 1999); In
re E.P., 257 S.W.3d 523, 526-27 (Tex. App. Dallas
2008, no pet.).  Under this test,
the State need not prove that the suspect actually committed a crime.  Rather, it is enough to illustrate that the
circumstances enabled a reasonable officer to believe that the suspect was doing so or had done so.  See
Adkins v. State, 764 S.W.2d 782, 785
(Tex. Crim. App. 1988) (holding that art. 14.01 arrests have
previously been sanctioned when an individual's conduct, while not overtly
criminal by itself, is coupled with an officer's
prior knowledge so that the otherwise innocuous conduct reflects that an
offense is then occurring).  In
other words, if an officer could reasonably believe that the elements
comprising a crime existed, given the totality of circumstances before him, he
has probable cause to arrest the actor irrespective of whether the State can
prove at trial that a crime actually, i.e.
factually, occurred.  See Delgado v. State, 718 S.W.2d 718,
720-21 (Tex. Crim. App. 1986) (finding the warrantless arrest legal even though the
fact that the hypodermic syringe in the instant case later was shown by a
laboratory report not to contain a controlled substance, contrary to the police
officer's impression at the scene).

As previously mentioned, the violation
allegedly committed by appellant involved his drinking alcoholic beverages in a
public place after hours.  According to Mincher, it was illegal to consume
such a beverage in a public place between the hours of 2:15 a.m. and 7:00 a.m.[1]  And, in determining whether a reasonable officer could
deduce that My Club was a public place, we find guidance in legislative edict
and judicial pronouncement.  Our legislature
has defined the term as any place to which the public or a substantial group of
the public has access and includes, but is not limited to, streets, highways,
and the common areas of schools, hospitals, apartment houses, office buildings,
transport facilities, and shops.  Tex. Pen. Code Ann. §1.07(a)(40) (Vernon Supp. 2010). 
In turn, sister courts have held that a place is public if the public
has any access to it.  Loera v. State, 14 S.W.3d 464, 467 (Tex.
App.Dallas
 2000, no pet.); Woodruff v. State, 899 S.W.2d 443, 445 (Tex. App.Austin 1995, pet. refd).  The focus, we are told, lies on
the extent of actual access and not on the formalities by which access is
gained.  State v. Gerstenkorn, 239 S.W.3d 357,
359 (Tex. App.San Antonio 2007, no pet.).  And, depending upon the extent members of the
public have access to the locality, a
private residence could conceivably be a public place, Loera v. State, 14 S.W.3d at 469 (citing a situation where the
homeowner conducts an open house), as could a gated community monitored by
security guards, State v. Gerstenkorn,
supra, or a fenced and guarded air
force base wherein entrance is gained only through acquiring a permit.  Woodruff
v. State, supra.  With this said, we turn to the record and
circumstances disclosed therein which illustrate the extent to which members of
the public had actual access to My Club. 
    

            Again, Officer Mincher testified that 1) he was familiar
with the operation of My Club, 2) the club had security personnel at the door
monitoring the ingress and egress of its clientele, and 3) those wishing to
enter had to pay a fee.  When asked
whether to the best of [his] knowledge, anybody can walk up to that club, pay
their cover charges, and go inside, the officer also said,
[a]bsolutely.  Mincher further
disclosed that My Club advertised its services in other bars.  From these circumstances, a reasonable
officer in the shoes of Mincher could rationally deduce not only that actual
access to My Club was rather open (despite the presence of minor informalities
one must satisfy) but also that the locale was a public place, as that term is
commonly understood.  Being able to so
deduce, Mincher had probable cause to believe that appellant was committing a
crime by drinking beer between 2:15 and 7:00 a.m.  And, because of that, both the arrest and
ensuing search were lawful.  

             The judgment is
affirmed.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Publish.         











[1]No one contests that
the City of Amarillo had an ordinance encompassing that prohibition.  And, though the ordinance was not introduced
into evidence below, the officer described the offense and its elements.  That was enough to illustrate the existence
of the municipal restriction.  DeDonato v. State, 819
S.W.2d 164, 166 (Tex.Crim.App. 1991).