PD-1510-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/7/2015 12:00:00 AM
Accepted 12/7/2015 2:40:22 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## CAUSE NO. PD-1510-15
_____

## EX PARTE ANDRE DEROSIER
_____

FROM THE SECOND DISTRICT OF TEXAS AT FT. WORTH
IN CAUSE NUMBER 02-15-00100-CR
AND
FROM THE 367TH JUDICIAL DISTRICT COURT
DENTON, TEXAS
IN CAUSE NUMBER F-2002-0330-E

_____

## APPELLANT'S RESPONSE TO THE
## STATE'S PETITION FOR DISCRETIONARY REVIEW
_____

FRED MARSH
EDWARD NOLTER
Marsh & PAINE, P.C.
101 S. Woodrow
Denton, TX 76205
Tel: (940) 536-377
Fax: (940) 382-4288
FDM@MARSHPAINELAW.COM
EJN@MARSHPAINELAW.COM

FILED IN
COURT OF CRIMINAL APPEALS

December 7, 2015

ABEL ACOSTA, CLERK

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF CONTENTS | 2 |
| INDEX OF AUTHORITIES | 3 |
| STATEMENT REGARDING ORAL ARGUMENT | 5 |
| ARGUMENT | 6 |
| PRAYER | 18 |
| CERTIFICATE OF COMPLIANCE & SERVICE | 19 |

# INDEX OF AUTHORITIES

**CASE**                                                                                          PAGE

*Cook v. State*, 902 S.W.2d 471 (Tex. Crim. App. 1995)                                              16

*DeDonato v. State*, 819 S.W.2d 164 (Tex.Crim.App.1991)                                             14

*Ex parte Armstrong*, 110 Tex.Cr.R. 362, 8 S.W.2d 674 (1928)                                         7

*Ex parte Derosier,* No. 02-15-00100-CR, 2015 Tex. App. LEXIS 11155        *passim*
(Tex. App.—Ft. Worth Oct. 29, 2015, pet. filed))

*Ex parte Moss*, 446 S.W.3d 786 (Tex. Crim. App. 2014)                                              11

*Ex Parte Sledge*, 391 S.W.3d 104 (2013)                                                            14

*Ex parte Williams*, 65 S.W.3d 656 (Tex.Crim.App.2001)                                               9

*Frank v. Mangum*, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969                                     7
(1915)

*Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App. 1980)                                      *passim*

*Hall v. State,* 225 S.W.3d 524, 538 (Tex. Crim.App.2007)                                           17

*Marin v. State*, 851 SW2d 275 (Tex.Crim.App.1993)                                                  12

*McKinney v. State*, 207 SW3d 366 (Tex.Crim.App.2006)                                               17

*Murray v. State*, 302 S.W.3d 874 (Tex.Crim.App. 2009)                                              10

*Rhodes v. State,* 240 S.W.3d 882 (Tex. Crim. App. 2007)                                        *passim*

*State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996)                                          8

*Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990)                                                 15

*Teal v. State,* 230 S.W.3d 172, 181 (Tex.Crim.App.2007)        15

*United States v. Cotton*, 535 U. S. 625 (2002)        8


**CONSTITUTIONS AND STATUTES**        **PAGE**

Tex. Const. Art. 1§ 10        16

Tex. Const. Art. 5 § 8

Tex. Code Crim. Proc. art. 4.05        17

Tex.Code Crim. Proc. art. 21.26        7

TEX. PENAL CODE ANN. § 22.07        16

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS**

CAUSE NO. PD-1510-15
_____

**EX PARTE ANDRE DEROSIER**
_____

FROM THE SECOND DISTRICT OF TEXAS AT FT. WORTH
IN CAUSE NUMBER 02-15-00100-CR
AND
FROM THE 367TH JUDICIAL DISTRICT COURT
DENTON, TEXAS
IN CAUSE NUMBER F-2002-0330-E
_____

**APPELLANT'S RESPONSE TO THE
STATE'S PETITION FOR DISCRETIONARY REVIEW**
_____

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now Appellant, by and through his attorney of record Mr. Fred Marsh, and respectfully urges this Court to deny the State's petition for discretionary review of the above named cause.

### STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary because this Court's precedent regarding subject-matter jurisdiction is firmly established and will not aid the Court in its decision to deny the State's petition.

## ARGUMENT

The State has presented one issue for this Court's review. The very wording of the issue shows that State lacks a fundamental understanding of subject-matter jurisdiction and its importance to any court's authority to act lawfully. The Second Court of Appeals correctly interpreted this Court's precedent based upon the facts of the case and the State's petition should be refused.

The State's question is:

"If a defendant agrees to plead to a lesser offense, that is not actually a lesser included offense, of an indicted offense over which the trial court has proper subject-matter jurisdiction, can a defendant later attack that bargained-for judgment based on a subject-matter jurisdiction claim?" (PDR 2)

The Texas Constitution, statutes, and this Court's precedent affirmatively decide this issue against the State. However, before Appellant begins his legal analysis on this issue, this Court should be cognizant of two (2) important facts. First, the State admitted during its opening argument to the trial court that "[a]s far as subject-matter jurisdiction, this Court did not have subject-matter jurisdiction because a terroristic threat is not a lesser included, but Appellant is estopped from making those claims now." (2 RR 12). Second, the trial court found it did not have subject-matter jurisdiction but denied Appellant's writ because it found Appellant's sentence was an illegally lenient sentence and Appellant was estopped from challenging it. (CR 91-94).

*6 – Appellant's Response to State's Petition for Discretionary Review*

The Court of Appeals noted this distinction in its opinion, "* * * The State, the trial court, and Derosier all agree that the trial court lacked subject-matter jurisdiction." *Ex parte Derosier,* No. 02-15-00100-CR, 2015 Tex. App. LEXIS, at 11155 *4 (Tex. App.—Ft. Worth Oct. 29, 2015, pet. filed)]).

The law is not as muddied as the State asserts. (PDR 9) In fact, the Court of Appeals "blind reliance on subject-matter jurisdiction" was correct as to the law and as the facts of this case point out. (PDR 11). "* * * Jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case. Unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and it acts without validity." *Ex parte Armstrong*, 110 Tex.Crim. 362, 8 S.W.2d 674, 676 (App.1928). Furthermore, due process requires that a criminal action in a state court must be before a court of competent jurisdiction. *Frank v. Mangum*, 237 U.S. 309, 326 (1915).

Article 5 § 8 of the Texas Constitution confers power on Texas District Courts. Article 4.05 of the Texas Code of Criminal Procedure gives District Courts their jurisdiction. Tex.Code Crim. Proc. art. 4.05 states:

"District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official

misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code."

Most importantly, subject-matter jurisdiction cannot be conferred by agreement of the parties. *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Cr.App.1980); *State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App.1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002); *Ex Parte Sledge*, 391 S.W.3d 104, 108 fn. 23 (2013)(citation to *Garcia*); *see also United States v. Cotton,* 535 U. S. 625, 630 (2002)("[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived.") The Court of Appeals embraced this when it affirmatively held that "[i]t is axiomatic that subject-matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute." *Derosier* at *5 (citations omitted).

The State is challenging the Court of Appeals correct holding because it "did not consider that the trial court had jurisdiction of Appellant's originally-charged case, and the lesser offense was agreed to by the parties after jurisdiction had already been established." (PDR 4). The State provides no supporting law or authority for this assertion. Furthermore, this is incorrect.

The entire crux of the State's argument is that Appellant cannot challenge his conviction because he received an illegal sentence (*Rhodes v. State*[1]) or because Appellant did not object to the entry of judgment as the defendant did in *Murray v. State*[2] and estopped from challenging his conviction. The problem with the State's argument is that this Court has consistently held that challenges to the subject-matter jurisdiction are immune to any of the various forms of estoppel. *Ex parte Williams*, 65 S.W.3d 656, 659-60 (Tex.Crim.App.2001) (Keller, P.J. concurring)("Subject matter jurisdiction is immune to estoppel considerations, * * *"))

The Court of Appeals correctly stated that there was no question in *Rhodes* that the trial court had subject-jurisdiction over the offenses. The issue in *Rhodes* was that it was an illegal sentence. In *Rhodes*, all of the offenses were for crimes that the trial court had subject-matter jurisdiction. In this case, Appellant did not receive or suffer from an illegal sentence. Appellant suffers from an illegal conviction because the trial court lacked subject-matter jurisdiction. There is a difference. An illegal sentence presupposes that the conviction was lawful. In this case, the State knowingly, voluntarily, and intelligently dismissed the felony counts for which the trial court had jurisdiction. (CR 34; WHC-Ex. 4). Likewise, the State knowingly, voluntarily, and intelligently amended the indictment to allege a misdemeanor for which the trial court

---

1 240 S.W.3d 882 (Tex. Crim. App. 2007)

*9 – Appellant's Response to State's Petition for Discretionary Review*

did not have jurisdiction. (CR 31; WHC-Ex. 3). The State's attorney is responsible for the pleadings in a criminal action, not the defendant.

The other crux of the State's argument is based in part on this Court's decision in *Murray v. State*. *Murray* was a unanimous decision authored by Presiding Judge Keller. In *Murray*, the defendant had agreed to plead to a misdemeanor for which the trial court lacked subject-matter jurisdiction. After the trial court took the case under advisement, the defendant retained new counsel who filed a motion to revoke the defendant's plea of guilt. *Id.* The trial court denied defendant's motion, convicted him of the misdemeanor offense, and the defendant appealed his conviction. *Id.* The primary issue in this case was not whether the State was estopped from asserting a subject-matter jurisdictional claim but if the defendant could withdraw his guilty plea, with reason, prior to the trial court rendering a judgment. *Id* at 883.

The State's entire theory regarding this is based upon this Court's statement in *Murray* addressing estoppel which states:

> "The State advances a number of theories of estoppel that it believes prevents appellant from challenging the judgement in this case: invited error, estoppel by judgment, estoppel by contract, promissory estoppel, and quasi-estoppel. We assume, without deciding, that the State is not barred by a subject matter jurisdiction claim." *Id.* at 882.

However, this assumption appears to have been resolved in *Murray* itself and this Court's recent unanimous decision in *Ex parte Moss*, 446 S.W.3d 786, 788-89 (Tex. Crim. App. 2014).

Prior to this statement in *Murray,* this unanimous Court addressed the State's argument regarding the issue that public policy favors and encourages plea bargaining in criminal cases with Presiding Judge Keller holding:

> "Even if the policy of encouraging plea bargaining were considered, the State has the ability to achieve the practical result reached in cases like this without running afoul of the statutory scheme. **The State could obtain an indictment, or a waiver of indictment from the defendant, for a felony offense that does include the misdemeanor offense the parties wish to be the subject of a plea-bargained judgment.** Or perhaps the felony prosecutor could obtain the cooperation of a county attorney or other prosecutor in misdemeanor cases to plead the defendant to the misdemeanor in question in a court that has misdemeanor jurisdiction. In either event, the plea could be made in exchange for dismissal of the charged offense with prejudice. These alternate methods of handling the plea would avoid the potential double jeopardy problems associated with convicting someone of an offense that is not in fact a lesser-included offense of the offense charged." *Id*. at 881 (internal citations omitted, emphasis added).

It appears that this Court answered its own question regarding estoppel and provided the solution for issues, such as those presented in this case, when the State and the defendant agree to plead to a misdemeanor in district court.

Furthermore, this Court's solution begs the question, if this Court would not carve out a subject-matter jurisdiction exception for public policy then how could this

*11 – Appellant's Response to State's Petition for Discretionary Review*

Court create an estoppel exception when subject-matter jurisdiction is an "absolute systemic requirement[-] * * * and [is] not forfeitable?" *Marin v. State*, 851 SW2d 275 (Tex.Crim.App.1993.) Subject-matter jurisdiction is "independent of the litigant's wishes. Implementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties." *Marin* at 279.

Furthermore, Tex.Code Crim. Proc. art. 21.26 statutorily provides the solution as articulated in *Murray*. It states:

> "Upon the filing of an indictment in the district court which charges an offense over which such court has no jurisdiction, **the judge of such court shall make an order transferring the same to such inferior court as may have jurisdiction**, stating in such order the cause transferred and to what court transferred." (emphasis added).

The plain wording of the statute creates a requirement for the trial court and not of Appellant. This is a statutory requirement of the trial court to act as the gatekeeper to ensure that a misdemeanor is before a court of competent jurisdiction. When the State amended the indictment to include a misdemeanor and then dismissed all of the felony counts, the trial court was required to *sua sponte* transfer the case "to such inferior court as may have jurisdiction." *Id*. The trial court did not do this.

In *Moss* this unanimous Court explained the importance of jurisdiction as follows:

"**We have held that a lack of personal or subject-matter jurisdiction deprives a court of any authority to render a judgment**. *See Garcia*, 596 S.W.2d at 527 (*quoting Ex parte Armstrong*, 110 Tex. Crim. 362, 366, 8 S.W.2d 674, 675-76 (1928) (stating that "[u]nless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity.")). We have further explained that when a court acts without jurisdiction, such as by entering a judgment without the necessary authority to do so, the purported action taken by the court is void. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (identifying a lack of personal or subject-matter jurisdiction as reasons a judgment would be void). * * * **In contrast, if a defendant confesses and is convicted at trial because he is guilty of the crime committed, but the court lacked subject-matter or personal jurisdiction over the defendant, the judgment of conviction is void**. *See Marin*, 851 S.W.2d at 279 (citing *Garcia*, 596 S.W.2d at 527)." *Moss*, at 788-789. (Emphasis added).

This is exactly the case before this Court. It does not matter if Appellant accepted the plea bargain advanced by the State, that it was beneficial to him, or that he waited twelve (12) years to file his writ challenging the jurisdiction of the convicting court.

This is not a case where Appellant took his case to trial and requested a jury instruction for a lesser-included offense. The facts of this case show that it was the State who amended the indictment to include an offense that was a misdemeanor for which the trial court lacked jurisdiction. (CR 31; WHC-Ex. 3). The State then filed a motion to dismiss the felony counts originally alleged and proceeded with the misdemeanor offense, which the trial court granted. (CR 34; WHC-Ex. 4); (CR 36;

WHC-Ex. 5). When the trial court granted the State's motion to dismiss on the felony counts, it lost jurisdiction over Appellant because the amended indictment failed to charge a felony for which terroristic threat is a lesser-included offense.

The State is correct in that there are two (2) cases where estoppel bared subject-matter jurisdiction claims. (PDR 9). The State cites *Ex parte Sledge*, 391 S.W.3d 104, 108 (Tex.Crim. App.2013) and *DeDonato v. State*, 819 S.W.2d 164, 166-67 (Tex.Crim.App.1991). *Id.* These cases are easily distinguishable and are not applicable to the case at bar. This Court denied *habeas* relief in *Sledge* because the defendant raised his jurisdictional claim in a second writ and not his first. *Sledge* at 111. This was Appellant's first writ of *habeas corpus*.

*DeDonato* is inapplicable and does not stand for the proposition the State asserts. The State relies on Justice Maloney's concurrence in that case regarding estoppel being applied to subject-matter jurisdiction. (PDR 9). Justice Maloney agreed with the decision but not with the majorities reasoning. *DeDonato* at 167. In particular, Maloney disagreed with the decision because it failed to account for the various other provisions in the Code of Criminal Procedure that define the jurisdictional limits of the various courts. In any event, this Court held that jurisdiction was established because at the time the law allowed for the offense to be prosecuted as a Class B or Class C

misdemeanor. *Id* at 166. Therefore, the trial court did have subject-matter jurisdiction. *Dedonato* relied on *Studer v. State*, 799 S.W.2d 263, 267 fn. 7 (Tex.Cr.App.1990).

Since *Dedonato* this Court has has addressed Justice Maloney's concerns by addressing *Studer* in several cases. As it applies to determining subject-matter jurisdiction, this Court stated in *Teal v. State*, 230 S.W.3d 172, 181 (Tex.Crim.App.2007):

> "Implicit within both *Studer* and *Cook* is that 'the offense' charged must be one for which the trial court has subject-matter jurisdiction. Although the 'indictment' provision of the constitution explicitly speaks only of the two requirements of 'a person' and 'an offense,' the constitution also sets out the subject-matter jurisdiction of Texas courts. **An indictment must also satisfy the constitutional requirement of subject-matter jurisdiction over 'an offense**.'" (emphasis added, footnote omitted).

The indictment "must be capable of being construed as intending to charge a felony (or a misdemeanor for which the district court has jurisdiction)." *Teal* at 181. As it pertains to the case at bar, the State failed to amend the indictment charging a felony or misdemeanor for which the trial court had subject-matter jurisdiction. The amended indictment added Count Seven (7) which reads:

> "On or about April 27th, 2001, the [Appellant] did then and there threaten [the alleged victim] with an offense involving violence and [Appellant] did that with the intent to place [the alleged victim] in fear of imminent serious bodily injury, in Denton County, Texas, against the peace and dignity of the state." (CR 31; WHC-Ex. 3).

The State tracked the language of the misdemeanor offense of Terroristic Threat. TEX. PENAL CODE ANN. § 22.07 (a)(2)(West 1994)(CR. 52, WHC-Ex. 11). The statute at the time of Appellant's trial and alleged plea read:

> "(a)   A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:
>
> (2)   place any person in fear of imminent serious bodily injury;"

However, this is not an offense for which the district court had subject matter jurisdiction. The offense alleged was a Class B misdemeanor (instead of a Class A misdemeanor, which the judgment reflects). The statute regulating punishment for the offense of Terroristic Threat at the time read:

> "An offense under Subdivision (1) or (2) of Subsection (a) is a Class B misdemeanor. An offense under Subdivision (3) of Subsection (a) is a Class A misdemeanor. An offense under Subdivision (4) of Subsection (a) is a felony of the third degree." TEX. PENAL CODE ANN. § 22.07 (b)(West 1994)(CR 52; WHC-Ex. 11).

Article 1 § 10 of the Texas Constitution requires that unless waived by the defendant, the State must obtain a grand jury indictment in a felony case. Without an indictment or valid waiver a District Court does not have jurisdiction over that case. *Cook v. State*, 902 S.W.2d 471, 475-76 (Tex. Crim. App. 1995) (collecting cases and stating, "Jurisdiction vests only upon the filing of a valid indictment in the appropriate court."). For an indictment to be constitutionally valid and vest a District Court with

subject-matter jurisdiction it must meet the test enunciated in *Teal v. State*, 230 S.W.3d 172, 179-181 (Tex.Crim.App.2007)(*citing Cook v. State*, 902 S.W.2d 471 (Tex. Crim. App. 1995)).

On its face the amended indictment failed to allege an offense for which the District Court had subject-matter jurisdiction because the charged misdemeanor did not allege a "misdemeanor[] involving official misconduct" nor was it a misdemeanor case that was transferred to this Court under Article 4.17 of the Penal code. See Tex.Code Crim. Proc. art. 4.05. "[T]he indictment, * * *, must be capable of being construed as intending to charge a felony" (or a misdemeanor for which the district court has jurisdiction). *Teal* at 181. There is absolutely no evidence in the record that the amended indictment was intended to charge a felony. *Ergo*, the trial court lacked subject-matter jurisdiction to accept Appellant's plea.

The State's assertion that this Court should write on the issue because these specific facts have not been decided by this Court is unnecessary. (PDR 9). The State primarily relies on *Hall v. State*, 225 S.W.3d 524, 537-38 (Tex. Crim. App. 2007) (Keller, P.J., dissenting) (discussing the doctrine of "beneficial acquiescence") and *McKinney v. State*, 207 S.W.3d 366, 376 (Tex. Crim. App. 2006)(Keller, P.J. concurring). However, both of these cases are inapplicable because they deal with a

defendant requesting a lesser-included offense during trial and do not address the trial court's subject-matter jurisdiction.

Finally, the State's argument that it has been prejudiced is completely without merit. (PDR 13). As previously argued, it was the State who amended the indictment and requested that the felony counts be dismissed. Had the State wanted to address this issue it should have done so at trial and not after Appellant filed his writ of habeas corpus.

The reason it is unnecessary to write on this issue is because this Court has consistently held that subject-matter jurisdiction cannot be conferred by agreement of the parties. *Supra*. Without jurisdiction, a court as no authority to act, including accepting a plea bargain for which it lacks jurisdiction. *Supra.* The State's petition should be denied.

## PRAYER

The Second Court of Appeals correctly decided the issue based upon this Court's precedent and the facts. This Court should deny the State's petition for discretionary review because the law and this Court's precedent are well established in this area.

Respectfully Submitted,

/s/Fred Marsh
FRED MARSH     SBOT# 13016000
EDWARD NOLTER SBOT#24081073
Marsh& Paine, P.C.
101 S. Woodrow
Denton, TX 76205
Tel: (940) 382-4200
Fax: (940) 382-4288
FDM@MARSHPAINELAW.COM
EJN@MARSHPAINELAW.COM

## CERTIFICATE OF COMPLIANCE

Appellant certifies that the this reply brief in the instant cause contained a word count of 3,652, said count being generated by the computer program Microsoft Word that was used to prepare the document.

Signed this, the 5th day of December, 2015.

/s/Fred Marsh
FRED MARSH

## CERTIFICATE OF SERVICE

A copy of the foregoing Appellant's Brief has been forwarded to the District Attorney of Denton County, Texas on this the 5th day of December, 2015.

/s/Fred Marsh
FRED MARSH