

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-76,635-03

### EX PARTE JECIA JAVETTE MOSS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 20203 IN THE 86TH DISTRICT COURT
### FROM KAUFMAN COUNTY

**HERVEY, J., delivered the opinion of the unanimous Court.**

## O P I N I O N

Applicant, Jecia Javette Moss, pled guilty to aggravated assault and was placed on deferred-adjudication community supervision for five years on October 4, 2000. Her community supervision was subsequently revoked, and she was sentenced to confinement in a state penitentiary. She now argues that the trial court lacked jurisdiction to revoke her supervision and adjudicate her guilty because the motion to adjudicate was not timely filed and the capias was not timely issued. We will grant relief.

### FACTS

The day Applicant's period of community supervision expired—October 3,

2005—the State took a motion to adjudicate and an order directing the district clerk to issue a capias for Applicant's arrest directly to the judge, who signed both of them. Applicant's supervision was subsequently revoked, and she was sentenced to twelve years' confinement and a $1,500.00 fine.

On April 5, 2006, at the time of sentencing, the judge notified Applicant that he would allow her to remain at large for twelve days before turning herself in at the Kaufman County Sheriff's Office to carry out her sentence. During that time, Applicant filed a notice of appeal. However, instead of reporting to the Kaufman County Sheriff's Office on April 17, 2006, to be taken into custody and continue the appellate process, she absconded from the jurisdiction. Subsequently, the State asked the Dallas Court of Appeals to dismiss Applicant's appeal, which it did on July 25, 2006. *See Moss v. State*, No. 05-06-00556-CR, 2006 WL 2053491 (Tex. App.—Dallas July 25, 2006, no pet.) (mem. op.) (not designated for publication). Applicant was arrested more than three years later on November 13, 2009.

### EX PARTE TOWNSEND

In its findings of fact and conclusions of law, the convicting court found that, even if the motion to adjudicate was not timely filed or the capias timely issued, Applicant's claim is procedurally barred because she could have raised her jurisdictional issue on direct appeal had she not absconded from the jurisdiction. We believe the court is referring to this Court's decision in *Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App.

2004), in which this Court held that, when an applicant has an adequate remedy at law, such as the appellate process, but that applicant does not make use of that remedy, the applicant has forfeited his claim. *Id.* at 81–82.

***Applicant can raise her claim that the trial court lacked jurisdiction to act despite this Court's holding in* Townsend.**

Because Applicant absconded, her direct appeal was dismissed, and, therefore, this application is her first opportunity to assert this challenge. Although the capias eventually issued by the clerk's office was not in the appellate record, the document upon which the Applicant relied (i.e., the <u>order</u> directing the clerk to issue the capias) was in that record. In addition, Applicant raised her jurisdictional issue in her writ application and the capias was, thereafter, included in the writ record (by order of this Court). *See Ex parte Moss*, WR-76,635-03, 2014 WL 1512955 (Tex. Crim. App. Apr. 16, 2014) (per curiam) (not designated for publication).

However, Applicant's claim is different from the one raised in *Townsend*, in that she is alleging facts that, if true, would prove that the trial court lacked jurisdiction to revoke her supervision. In contrast, the applicant in *Townsend* raised an improper-stacking claim, which was a non-jurisdictional claim. *Townsend*, 137 S.W.3d at 80. The crucial difference between *Townsend* and the instant case is that constitutional rights can be forfeited on habeas due to lack of action but a lack of jurisdiction cannot. *Compare id.* at 81 (citing *Ex parte Gardner*, 959 S.W.2d 189, 191 (Tex. Crim. App. 1996), *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994), *Ex parte Groves*, 571 S.W.2d 888,

890 (Tex. Crim. App. 1978)), TEX. CODE CRIM. PROC. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . ." but not addressing jurisdiction); *see also Ex parte McCain*, 67 S.W.3d 204, 207 (Tex. Crim. App. 2002) (footnote omitted) (stating that the Great Writ "is available only for relief from jurisdictional defects and violations of constitutional and fundamental rights"), *with Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (citing *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980)) ("[A] number of requirements and prohibitions . . . are essentially independent of the litigants' wishes. Implementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties. The clearest cases of nonwaivable, nonforfeitable systemic requirements are laws affecting the jurisdiction of the courts.").

We have held that a lack of personal or subject-matter jurisdiction deprives a court of any authority to render a judgment. *See Garcia*, 596 S.W.2d at 527 (quoting *Ex parte Armstrong*, 110 Tex. Crim. 362, 366, 8 S.W.2d 674, 675–76 (1928) (stating that "[u]nless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity.")). We have further explained that when a court acts without jurisdiction, such as by entering a judgment without the necessary authority to do so, the purported action taken by the court is void. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (identifying a lack of personal or subject-matter jurisdiction as reasons a judgment would

be void). Thus, for example, when a defendant is convicted at trial, but his trial counsel was ineffective, the court had jurisdiction to hold the trial and sentence the defendant, although defendant might later obtain relief in the form of a new trial for a constitutional violation. In contrast, if a defendant confesses and is convicted at trial because he is guilty of the crime committed, but the court lacked subject-matter or personal jurisdiction over the defendant, the judgment of conviction is void. *See Marin*, 851 S.W.2d at 279 (citing *Garcia*, 596 S.W.2d at 527).

This Court's decision in *Ex parte Sledge*, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013), which was handed down after *Townsend*, also elucidates the difference between *Townsend* and the instant case. In *Sledge*, the applicant did not appeal his conviction, but filed an initial writ application seeking to obtain relief, which was denied. Later, he brought a successive writ application arguing that that trial court lost jurisdiction to adjudicate him guilty and revoke his deferred-adjudication community supervision because the capias for his arrest was issued three days after his supervision expired. *Id.* at 106. We dismissed his application because the applicant did not allege a new legal basis or sufficiently new factual basis upon which to justify this Court's consideration of his subsequent writ. *Id.* at 106–07, 111; *see* TEX. CODE CRIM. PROC. art. 11.07, § 4. We rejected the applicant's allegation that he could not have discovered the factual basis for his claim until after he filed his initial postconviction writ application because he could have learned of the factual basis for relief he cited in his subsequent application through

the exercise of due diligence. *See Sledge*, 391 S.W.3d at 106–07 (stating that "it is readily apparent that the applicant could have easily obtained the information before now, just as he did for the purpose of developing his current post-conviction writ application"). And although the applicant did not cite a new legal basis as justification for this Court to consider his subsequent writ application, we did note that a legal basis for relief was available to him at the time he filed his initial writ in the form of a decision from this Court. *See Langston v. State*, 800 S.W.2d 553, 554 (Tex. Crim. App. 1990) (per curiam), *overruled on other grounds by Harris v. State*, 843 S.W.2d 34, 35 n.1 (Tex. Crim. App. 1992) (holding that the jurisdiction of a trial court to adjudicate a defendant's guilt is lost if the clerk fails to issue a capias as required by law). Thus, our decision in *Sledge* stands for at least two principles relevant to this case: (1) jurisdictional claims are not normally subject to typical notions of procedural default (which is why Applicant can raise her claim here), but (2) the Legislature can permissibly restrict the cognizability of courts to hear jurisdictional claims on habeas (which is why the applicant in *Sledge* could not raise his claim in a subsequent writ application). *See Sledge*, 391 S.W.3d at 106–09, 111.

In sum, we hold that *Townsend* is not applicable to jurisdictional claims raised in an initial writ application because, absent legislation to the contrary (such as the statute discussed in *Sledge*), we have held that a lack of jurisdiction renders a judgment void and that claims challenging a court's lack of jurisdiction are cognizable in an initial writ application. However, we caution individuals seeking habeas relief in a subsequent writ

application that *Sledge* continues to bar an applicant from obtaining relief on a jurisdictional claim in a subsequent application if the applicant cannot overcome applicable procedural bars.[1]

## LACHES

The State argues that laches should apply to Applicant's claim because she voluntarily absconded from the jurisdiction of the court to avoid serving her sentence. *See Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). It also asserts that laches should bar our consideration of Applicant's claim because "it is highly unlikely that the trial court or any of its personnel, or the deputy clerks involved, would retain a distinct memory of something as routine and commonplace as file-marking of a document and issuance of a warrant after three or four years."

In *Perez*, this Court revised its approach to laches by abandoning the more permissive federal laches standard in favor of the Texas common-law definition of laches. *See Ex parte Perez*, No. AP-76,800, slip op. at 8 (Tex. Crim. App. Oct. 8, 2014). Under

---

[1]Addressing the procedural bar for subsequent writs and whether a jurisdictional claim is immune to such a bar, this Court stated

> Had the applicant properly raised his present claim in his original writ, we would not hesitate to reach the merits and, if appropriate, grant relief. But in the context of subsequent post-conviction writ applications, the Legislature has validly exercised its constitutionally-endowed regulatory authority to make it clear that only those claims that fit within the statutory exceptions prescribed by Subsections 4(a)(1) and (2) of Article 11.07 are cognizable.

*See Sledge*, 391 S.W.3d at 108–09 (emphasis omitted).

the common-law standard, courts consider the totality of the circumstances, including the reasons for delay in seeking relief, the missing people or faded memories of people material to the case, loss of evidence and trial records, the State's diminished ability to retry a defendant, and the State's interest in finality. *Id.* at 6–8.

***The doctrine of laches does not bar Applicant's claim because the State was not prejudiced by her tardy filing of her writ application.***

In this case, however, while Applicant admittedly absconded from the jurisdiction and did not file her initial writ application until approximately five years after she was adjudicated guilty and sentenced, no evidence or trial records have been lost. And the State cannot retry Applicant if she prevails on her claim, because the trial court had lost jurisdiction to adjudicate Applicant guilty when her period of community supervision ended. Finally, the State's argument that it was prejudiced by diminished memories and missing people is without merit because the resolution of Applicant's claim turns on documents in the record and this Court's legal analysis. Therefore, after considering the entire record and the totality of the circumstances, we hold that laches does not apply to Applicant's claim because the State was not prejudiced.

## ARTICLE 42.12, SECTION 5(h)

We now turn to the merits of Applicant's claims and the reasons for which we filed and set this case for submission:

> whether, when the trial court signs the motion to adjudicate and directs the district clerk to issue capias within the period of community supervision, but the motion is file-stamped by the clerk and the pre-revocation warrant

issued after the expiration of the period of community supervision, the trial court retains jurisdiction to proceed to adjudication under Article 42.12, Section 5(h) of the Texas Code of Criminal Procedure.

*Ex parte Moss*, 2014 WL 1512955, at *1.

Before Article 42.12, Section 5(h), was added to the Texas Code of Criminal Procedure, this Court held that for a trial court to have jurisdiction to adjudicate the guilt of a defendant who was on community supervision, "both the motion to revoke and capias for arrest must be issued prior to the termination of the probationary period."[2] *Guillot v. State*, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976); *see also Prior v. State*, 795 S.W.2d 179, 184 (Tex. Crim. App. 1990) (noting that this Court will interpret similar regular community-supervision statutes and deferred-adjudication community-supervision statutes similarly); *Rodriguez v. State*, 804 S.W.2d 516, 517 n.1 (Tex. Crim. App. 1991) (per curiam).

In 2003, the 78th Legislature codified this Court's holdings with respect to when a trial court retains jurisdiction to adjudicate a defendant on deferred-adjudication guilty beyond the expiration of that defendant's period of supervision in Article 42.12, Section

---

[2]This Court had also held that the State had to exercise due diligence in executing the issued capias. *See Prior v. State*, 795 S.W.2d 179, 184 (Tex. Crim. App. 1990). Later, we disavowed the holding that the due-diligence requirement was jurisdictional and, instead, explained that it was a plea in bar or defense that must be raised by the defendant at the revocation hearing. *See Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). The "due diligence" defense was later codified by the Legislature in Article 42.12, Section 24 as an affirmative defense. *See* TEX. CODE CRIM. PROC. art. 42.12, § 24. The statutory "due diligence" defense is available to a defendant in a hearing to revoke community supervision for "regular" community supervision (Section 21(b-2)) or deferred-adjudication community supervision (Section 5(b)). *Id.*

5(h). Acts of May 31, 2003, 78th Leg., R.S. ch. 250, § 1, 2003 Tex. Gen. Laws 1158, 1158. Article 42.12, Section 5(h) states that,

> A court retains jurisdiction to hold a hearing under Subsection (b) and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant.

TEX. CODE CRIM. PROC. art. 42.12, § 5(h). Thus, the requirement that the capias be issued before the expiration of the supervision period was carried over into the statute. *See Garcia v. State*, 387 S.W.3d 20, 23 (Tex. Crim. App. 2012). Likewise, the Legislature also included in the same statutory provision the requirement that the motion to adjudicate be filed before the expiration of the defendant's community-supervision period. *Id.* Because the Legislature codified this Court's judicially-fashioned jurisdictional rule with respect to community supervision, we find our interpretations of those requirements before the adoption of Article 42.12, Section 5(h), to be instructive on the jurisdictional questions presented in this case.[3]

With respect to the timely issuance of the capias, we held in *Langston* that "a trial court loses jurisdiction to proceed to adjudicate a defendant's guilt when the district clerk

---

[3]In *Awadelkariem v. State*, 974 S.W.2d 721, 725–26 (Tex. Crim. App. 1998), we stated that "[w]e presume the Legislature intends the same construction to continue to apply to a statute when the Legislature meets without overturning that construction. That maxim applies whether the construction at issue is a judicial decision or a judicially-promulgated rule." *Id.* (internal citation omitted); *see Garcia*, 387 S.W.3d at 22 (concluding that the 78th Legislature statutory additions to Article 42.12 effectively codified the filing-of-the-motion and issuance-of-the-capias requirements while leaving out the common-law due-diligence defense).

fails to issue a capias before his probationary period expires." *Sledge*, 391 S.W.3d at 106 (citing *Langston*, 800 S.W.2d at 554); *cf. Coffey v. State*, 500 S.W.2d 515, 516 (Tex. Crim. App. 1973) (rejecting the State's argument that the timely issuance of a capias tolled the term of community supervision such that the later filing of the motion to adjudicate was timely and concluding that the judgment revoking the appellant's community supervision was void). However, we overruled the appellant's claim that the trial court lacked jurisdiction to adjudicate him guilty because, although his period of community supervision had already expired, the motion to revoke probation was filed and the capias was issued before the expiration of that period. *Langston*, 800 S.W.2d at 554. We have reached the same conclusion in a number of other cases, and in each case we have emphasized that the *filing* of the motion to adjudicate and the *issuance* of the capias are the relevant triggering events under the statute.[4]

Based on our voluminous and uninterrupted caselaw on this topic, and the Legislature's codification of our judicially-fashioned rule without modification,[5] we will continue to interpret Article 42.12, Section 5(h), as we applied it before the statutory

---

[4]*See, e.g.*, *Whitson v. State*, 429 S.W.3d 632, 636 (Tex. Crim. App. 2014); *Ex parte Donaldson*, 86 S.W.3d 231, 232 (Tex. Crim. App. 2002) (per curiam); *Peacock v. State*, 77 S.W.3d 285, 287–88 (Tex. Crim. App. 2002); *Prior*, 795 S.W.2d at 183 (citing *Lovell v. State*, 74 S.E.2d 570, 572 (S.C. 1953)); *Coleman v. State*, 632 S.W.2d 616, 617–18 (Tex. Crim. App. [Panel Op.] 1982); *Shahan v. State*, 792 S.W.2d 101, 102–03 (Tex. Crim. App. 1990); *Rodriguez*, 804 S.W.2d at 517–18; *Coffey*, 500 S.W.2d at 515–16.

[5]*See Garcia*, 387 S.W.3d at 23 (noting that the Legislature codified this Court's rule regarding the jurisdiction of a trial court to revoke a probationer's community supervision after the period of supervision expires).

provision was adopted by the Legislature. Thus, the relevant time period with respect to the capias requirement remains the time at which the capias is actually issued. We also note that this conclusion comports with the applicable definition of capias in Chapter 23 of the Texas Code of Criminal Procedure, which defines a capias as a writ that is "issued by a judge of the court having jurisdiction of a case after commitment or bail and before trial, or by a clerk at the direction of the judge."[6] TEX. CODE CRIM. PROC. art. 23.01. This result is also consistent with various provisions throughout the Code of Criminal Procedure referencing a clerk issuing a capias.[7]

## APPLICATION

In this case, an order directing the district clerk to issue a capias was attached to the motion to adjudicate that the judge signed and dated.

To the Clerk of Said Court:

> You are hereby directed to issue a capias, with a copy of this Petition for Revocation of Community Supervision Sentence and Final Adjudication of Guilt attached thereto, for the arrest of Jecia Javette Moss, to answer the

---

[6] Although the word capias is also defined in Chapter 43 of the Code of Criminal Procedure, that definition is not applicable in this case because that definition pertains only to enforcing judgments. *See* TEX. CODE CRIM. PROC. art. 43.015 (defining capias and capias pro fine as they are used in Chapter 43). However, the definition of capias from Article 23.01(a) is proper because the capias in question was issued "by a clerk at the direction of the judge," and it was issued to force Applicant to appear in court for a "trial" in the form of a revocation hearing. *See* TEX. CODE CRIM. PROC. art. 23.01. The *judgment* revoking Applicant's community supervision was not entered until April 5, 2006, and the capias that issued for her arrest to enforce that judgment of conviction when she failed to turn herself in is governed by Article 43.015(1) defining a capias for purposes of executing a judgment.

[7] *See, e.g.*, TEX. CODE CRIM. PROC. arts. 2.195, 17.16(c), 23.03(a), 23.031, 23.05(d).

charges of community supervision violation and that upon his (sic) arrest [s]he shall be held without bond pending the hearing thereof.

The order was signed by the trial judge on October 3, 2005. Also contained in the writ record is the capias that was issued by the clerk and is styled, "MTR WARRANT." It is directed to any peace officer of the State of Texas to arrest Applicant for "AGGRAVATED ASSAULT (Probation Revocation)." This capias is dated October 6, 2005. Applicant's community supervision expired on October 3, 2005.

We hold that, because the capias in this case was issued after the expiration of Applicant's period of supervision, the trial court did not retain jurisdiction to proceed to adjudicate Applicant guilty and sentence her. In addition, because the trial court lacked jurisdiction to proceed to adjudication, Applicant's sentence was discharged. Therefore, we grant Applicant relief.[8] The judgment of conviction in Cause No. 20203 in the 86th District Court is vacated.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice—Correctional Institutions Division and Pardons and Paroles Division.

Hervey, J.

Delivered: November 5, 2014

Publish

---

[8]Because we conclude that the capias did not timely issue, we need not reach the question of whether the motion to adjudicate was timely filed.