

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-1790-13 through 1793-13

### FREDRICHEE DOUGLAS SMITH, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S AND STATE'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

YEARY, J., filed a concurring and dissenting opinion in which KEASLER and HERVEY, JJ., joined.

### CONCURRING AND DISSENTING OPINION

In *Karenev v. State*, a bare majority of this Court held that "[a] facial challenge to the constitutionality of a statute falls within the third category" of rights under the rubric of *Marin v. State*—that is to say, such a claim is of the sort that may be lost for appeal by simple inaction at the trial court level. 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (citing *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993)). Simply put, it is subject to forfeiture. Four judges emphatically disagreed. *Id*. at 435-40 (Cochran, J., concurring, joined

by Price, Womack, and Johnson, JJ.). Today the Court significantly qualifies *Karenev*, holding that, once an appellate court has declared a penal provision to be unconstitutional on its face, any subsequent challenge to the constitutionality of an appellant's conviction under that penal provision is essentially converted into a category one claim under *Marin*. Majority Opinion at 8-9.[1] That means it may be raised for the first time on appeal; and indeed, the Court holds today, it may even be raised for the first time in a petition for discretionary review, in the interest of judicial economy! *Id*. at 6-7.

In effect, the Court has thereby resurrected (at least in part) a defunct exception to the contemporaneous objection rule: the right-not-previously-recognized exception (but only for newly recognized category one *Marin* rights—what might otherwise be described as a right-not-previously-recognized-as-a-category-one-*Marin*-right exception). In doing so, however, the Court seems to overrule, by necessary implication, another nearly unanimous opinion, *Sanchez v. State*, 120 S.W.3d 359 (Tex. Crim. App. 2003). There we held that, by adopting the *Marin* framework in 1993, we eliminated from our jurisprudence any right-not-recognized exception to the contemporaneous objection rule. *Id*. at 367.[2]

---

[1] Query: At what point does this conversion take place? Is it when any appellate court declares a penal statute to be facially unconstitutional? Or is it only after this Court should eventually do so? Or not until the United States Supreme Court may happen to say so?

[2] *See also Karenev*, 281 S.W.3d at 433 (citing *Sanchez* for the proposition that the right-not-recognized exception to the contemporaneous objection rule has been eliminated by *Marin*); *Ex parte Moreno*, 245 S.W.3d 419, 423 n.15 (Tex. Crim. App. 2008) (*Sanchez* "called the 'right not recognized' exception to the contemporaneous objection rule into question").

The way I see it, then, before we may grant the appellant the relief he seeks in this case, we are effectively put to the choice of either overruling *Karenev* or overruling *Sanchez*. The Court today does not acknowledge this dilemma. Instead, the Court resolves the case as if *Sanchez* simply did not exist.[3] To complicate matters, the Court reaches its conclusion in an opinion on discretionary review, without the benefit of the input of a lower court opinion. I would wait to resolve this case in post-conviction habeas corpus proceedings.

Ordinarily, on discretionary review, this Court addresses only the "decisions" of the courts of appeals. *See* TEX. R. APP. P. 66.1 & 68.1 (Court of Criminal Appeals "may review a court of appeals' decision in a criminal case" either on its own initiative or on petition by any party); *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014) ("As a general

---

[3] I believe that whether a particular claim falls within one *Marin* category or another should not be made to depend upon when that claim is recognized to be valid. Instead, it should simply depend upon the nature of the claim itself—does it seek to vindicate an interest that is so indispensable to the correct operation of the criminal justice system that its enforcement is not even optional with the parties. *Marin*, 851 S.W.2d at 280. For essentially the reasons that Judge Cochran developed in her concurring opinion in *Karenev*, I would hold that an appellant's claim that his conviction and punishment cannot stand because they are based upon a facially unconstitutional penal provision is patently a *Marin*-category-one type of claim *from its inception*, regardless of whether it has yet been recognized and validated by an appellate court. Such a claim may be raised for the first time, and should be addressed on the merits, on appeal. However, for the reasons I develop *post*, if the claim is *not* raised on direct appeal, I would not reach it for the first time in a petition for discretionary review. If the nature of the claim is such that it truly falls within the first category of *Marin*, it may be vindicated for the first time on collateral attack, in post-conviction habeas corpus proceedings. *Ex parte Moss*, 446 S.W.3d 786, 788-89 (Tex. Crim. App. 2014). The way I see it, judicial economy does not always or necessarily mean disposing of an issue as expeditiously as possible—it also means assuring that the right court is doing what it is supposed to do at the proper time and in the proper context. The purpose of discretionary review is to examine "decisions" of the courts of appeals and to shepherd the jurisprudence. There is no need to tinker with that format when we have post-conviction proceedings to serve as a safety valve to vindicate true category one *Marin* claims.

proposition, this Court will review only the 'decisions' of the courts of appeals."). When a court of appeals has failed to address an issue that was squarely presented to it, rather than reach that issue for the first time in discretionary review, we have typically remanded the cause for the court of appeals to address in the first instance. *McClintock v. State*, 444 S.W.3d 15, 20 (Tex. Crim. App. 2014). But because Appellant did not challenge the facial constitutionality of the statute in his direct appeal, that question was not before court of appeals in this case. The court of appeals was never called upon to render a "decision" with respect to the facial constitutionality of the statute. While it is true that we have sometimes reached the merits of a claim not predicated on an explicit "decision" of the lower appellate court, we have done so only "when the proper disposition of [the] outstanding issue is clear[.]" *Id.* (quoting *Gilley*, 418 S.W.3d at 119); *see also*, *Davison v. State*, 405 S.W.3d 682, 691-92 (Tex. Crim. App. 2013).[4]

---

[4] For a time, this Court seems to have regarded the rule that it will review only "decisions" of the courts of appeals as jurisdictional, deriving that notion from the constitutional amendment that instituted discretionary review in 1981. *See Owens v. State*, 827 S.W.2d 911, 917-18 n.7 (Tex. Crim. App. 1992) ("It is not our duty to preemptively execute the function of a lower tribunal, and the preservation of our system of appellate review dictates that we must forbear from the temptation of appropriating the rightful duties of the courts of appeals in the name of judicial economy. Because the court of appeals has not passed on the question of whether the admission of the extraneous offense testimony was harmless error, we must remand this case to that court so it can fulfill the function constitutionally assigned to it by the citizens of this state."); *Holland v. State*, 802 S.W.2d 696, 701 (Tex. Crim. App. 1991) (citing TEX. CONST. art. V, § 5, for the proposition that "[i]n our discretionary review capacity we review 'decisions' of the courts of appeals"). But, as the cases cited in the text illustrate, the Court has obviously retreated from the view that it lacks *jurisdiction* to review an issue not decided by the lower appellate court. *See also*, George E. Dix & John M. Schmolesky, 43B TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 57:11:50, at 35 (3d ed. Supple. 2014-15) (citing *Gilley* for the proposition that this Court "will sometimes address an issue not decided by a court of

It is not at all clear to me that the exception to *Karenev* that the Court carves out today is justifiable as long as *Sanchez* remains on the books. At the very least, this Court would benefit from an opinion from the court of appeals whether it believes it may reach the merits of Appellant's facial challenge to the constitutionality of the statute, notwithstanding *Karenev*. But Appellant did not ask the court of appeals to review his current claim, and the court of appeals never addressed it. Under these circumstances, the Court should follow its usual practice of refusing to review a claim not decided by the court of appeals.

To do so would not deprive Appellant of recourse. If, as the Court holds today, Appellant's claim really does fall within *Marin*'s category one—if society simply will not tolerate a conviction under a penal statute that has been judicially declared unconstitutional on its face—then Appellant will be permitted to raise his complaint for the first time in post-conviction habeas corpus proceedings. *See Ex parte Moss*, 446 S.W.3d 786, 788-89 (Tex. Crim. App. 2014) (holding that a claim that the trial court lacked jurisdiction may be raised for the first time in a post-conviction habeas corpus proceeding because it falls within *Marin*'s category one). Moreover, if he is indigent, Appellant will be able to take advantage of recent, retroactively applicable legislation that would entitle him to the appointment of

---

appeals if both (a) the proper resolution of the issue is clear; and (b) judicial economy would be significantly furthered by disposing of it immediately"); *Vega v. State*, 394 S.W.3d 514, 521 n.27 (Tex. Crim. App. 2013) ("We here exercise our inherent authority to make an initial harm analysis because both parties have fully briefed the issue of harm, and the record clearly demonstrates that the error is harmless.").

counsel to pursue a post-conviction remedy on the ground that he has been "convicted or sentenced under a law that has been found unconstitutional by the court of criminal appeals[.]" Act effective June 16, 2015, 84th Leg., R.S., S.B.662 §§ 1 & 2 (to be codified as TEX. CODE CRIM. PROC. art. 11.074, § (b)). There is no need to disrupt the ordinary workings of discretionary review to decide whether we should overrule *Karenev* or instead overrule *Sanchez*.

To recap: *Karenev* held that a claim that a statute is facially unconstitutional is a category three *Marin* claim that must be preserved at trial before it may be raised on appeal. Today the Court holds that this is so only until such time as the statute has been declared by a court to be unconstitutional on its face, from which time forward the claim becomes *Marin* category one—an absolute prohibition that can be raised for the first time "at any time," including for the first time on discretionary review.[5] In so holding, the Court has effectively overruled *Sanchez*, albeit *sub silentio*. I would not take these issues up for the first time in a petition for discretionary review. That is not what discretionary review is for. If the Court is correct in its resolution of Appellant's claim,[6] then in any event Appellant will be able to

---

[5] We know from *Ex parte Sledge*, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013), that "at any time" cannot be taken literally. There we held that an applicant may not raise a jurisdictional issue for the first time in a *subsequent* post-conviction application for writ of habeas corpus, since it does not meet the criteria of Section 4 of Article 11.07. TEX. CODE CRIM. PROC. art. 11.07 § 4.

[6] Because I would not address Appellant's claim at all in this case, I need not ultimately pass on the question of the correctness of the Court's opinion in *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), upon which the merits of Appellant's claim depends. For present purposes, suffice it to say I am decidedly dubious. Plainly put, I am not at all sure I agree that the statute in issue truly *is*

obtain relief in post-conviction habeas corpus proceedings, with the assistance of counsel if he is indigent.

I respectfully dissent to the Court's disposition of both the State's and Appellant's petitions for discretionary review in our cause number PD-1793-13. I concur in the Court's disposition of the State's other petitions for discretionary review.

FILED:        June 24, 2015
PUBLISH

---

unconstitutional on its face. But we need not and should not revisit that question today.