

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-80,939-01, WR-80,939-02, WR-80,939-03

### EX PARTE ERIC REED MARASCIO, Applicant

---

**ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS**
**CAUSE NOS. W380-80601-09-HC, W380-80602-09-HC, W380-80603-09-HC**
**IN THE 380ᵀᴴ DISTRICT COURT OF COLLIN COUNTY**

---

**YEARY, J., filed a concurring opinion in which KEASLER, J., joined.**

### CONCURRING OPINION

It is my understanding that one of the reasons we filed and set this post-conviction application for writ of habeas corpus was to address the latent tension between *Gonzalez v. State*, 8 S.W.3d 640 (Tex. Crim. App. 2000), and *Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2004)—especially in light of last year's opinion in *Ex parte Moss*, 446 S.W.3d 786 (Tex. Crim. App. 2014). Today, Judge Richardson would have the Court resolve that tension by simply deferring to *Gonzalez*'s categorization of a double jeopardy claim as "fundamental." Concurring Opinion at 7, 9. But Judge Richardson does not go on to explain what he means by "fundamental," much less why *Gonzalez*'s characterization of double

jeopardy rights as "fundamental" should suffice to trump the rule of forfeiture announced in *Townsend*—that an issue that was available to be raised on direct appeal, but was not, may not be broached for the first time in post-conviction habeas corpus proceedings, since habeas proceedings are not a substitute for direct appeal.

We have subsequently provided a basis for reconciliation, in *Moss*. There we held that the *Townsend* rule of forfeiture is a qualified one, and it does not apply to claims that would fit within the first category of *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), embracing absolute requirements or prohibitions. Such category one *Marin* claims are "essentially independent of the litigants' wishes . . . and cannot, therefore, be waived or forfeited by the parties." *Moss*, 446 S.W.3d at 788 (quoting *Marin*, 851 S.W.2d at 279). It seems to me that, after *Moss*, the question whether *Townsend* applies to foreclose raising a double jeopardy claim for the first time in a post-conviction habeas corpus application depends upon whether such a claim is, by its nature, a category one *Marin* claim. That is the question the Court should be asking itself today. To simply announce to the bench and bar that *Gonzalez* controls because it labeled a double jeopardy claim "fundamental"—without any explanation of what that means and without any analysis of where such a claim might fit within the *Marin* categories—begs the question entirely. After *Moss*, we do not adequately resolve the tension between *Gonzalez* and *Townsend* by simply anointing one over the other.

Because Judge Keasler addresses all the right questions, and because I agree with his answers, I join his concurring opinion.

FILED: October 7, 2015
PUBLISH