

# NUMBER 13-17-00298-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**EDWARD ANTHONY BISHOP,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Rodriguez

By two issues, appellant Edward Anthony Bishop challenges the revocation of his community supervision. Bishop asserts that his trial counsel was ineffective for failing to raise a double jeopardy claim, and that his sentences violated the prohibition on cruel and unusual punishment. We affirm.

# I.   BACKGROUND

On January 11, 2011, a San Patricio County grand jury returned an indictment against Bishop charging him with two offenses, both state jail felonies. Count 1 of indictment alleged that on May 26, 2010, Bishop and Norma Jean Salinas burglarized a building by intentionally entering the building without the consent of the owner and committing or attempting to commit theft of property, "including a Sokkia transit level, owned by . . . James France." *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(1) (West, Westlaw through 2017 1st C.S.).[1]

Count 2 alleged that on May 26, 2010, Bishop and Salinas committed theft of property valued at $1,500 or more but less than $20,000—"to wit:  a Sokkia transit level"—owned by James France. *See id.* § 31.03(a), (e)(4)(A) (West, Westlaw through 2017 1st C.S.); *see also* 2015 Tex. Sess. Law Serv. Ch. 1251, § 5 (H.B. 1396) (VERNON'S) (elevating the theft value range from $1,500–$20,000 to $2,500–$30,000).

Counsel for Bishop did not object to the charges on grounds of double jeopardy. Instead, on February 18, 2011, Bishop filed a judicial confession to both offenses and an application for community supervision. On March 18, 2011, the trial court deferred adjudication and placed Bishop on community supervision for a period of three years.

In December of 2011, the State filed a motion to revoke Bishop's community supervision. The trial court signed a capias ordering that Bishop be arrested pending a hearing on the State's motion to revoke.

---

[1] The State has explained that a Sokkia transit level is a piece of surveying equipment.

The capias contained a notation in the sheriff's return indicating that Bishop was served with a copy of the State's motion to revoke on April 18, 2017, over five years after it was filed. The return stated that Bishop was arrested on January 20, 2017 and served with the State's motion while in county jail.

On May 15, 2017, the trial court held a hearing on the State's motion to revoke. Bishop submitted an open plea of true to the State's allegations and signed a judicial confession. The trial court revoked Bishop's community supervision, adjudicated guilt for both the burglary and theft counts, and sentenced Bishop to two years in state jail. This appeal followed.[2]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, Bishop asserts that he received ineffective assistance of counsel during the original proceeding because his trial counsel failed to object on the basis of double jeopardy.

In general, a defendant placed on deferred adjudication community supervision may appeal issues relating to the original plea proceeding only in appeals taken when community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.

---

[2] Bishop's three-year term of community supervision was to expire in 2014, well before he was arrested and served with a copy of the State's motion to revoke in 2017. However, a court retains jurisdiction to proceed with an adjudication of guilt, regardless of whether the period of deferred adjudication community supervision has expired, if before the expiration of the supervision period: (1) the attorney representing the State files a motion to proceed with the adjudication; and (2) a capias is issued for the arrest of the defendant. TEX. CODE CRIM. PROC. ANN. art. 42A.108 (West, Westlaw through 2017 1st C.S.); *Ex parte Moss*, 446 S.W.3d 786, 791 (Tex. Crim. App. 2014). Despite the delay in arresting and serving Bishop, the State timely filed its motion to revoke Bishop's community supervision, and the trial court timely issued a capias in 2011, before the expiration of Bishop's community supervision. *See* TEX. CODE CRIM. PROC. ANN. arts. 23.01–.02 (West, Westlaw through 2017 1st C.S.) (describing the nature and requirements of a capias). Bishop does not challenge the timing of the adjudication. Accordingly, we conclude that the trial court had jurisdiction to order the revocation, despite the expiration of Bishop's term of community supervision. *See Moss*, 446 S.W.3d at 791.

Crim. App. 1999). The primary exception to the *Manuel* rule is the "void judgment exception," *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) (en banc), but this exception does not embrace "ineffective assistance of counsel claims and involuntary plea claims." *Id.* at 669; *see Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); *Ebiana v. State*, 77 S.W.3d 436, 438 (Tex. App.—Corpus Christi 2002, pet. ref'd). Accordingly, Bishop's complaint cannot be reviewed on appeal from revocation.

We overrule Bishop's first issue.

### III. CRUEL AND UNUSUAL PUNISHMENT

By his second issue, Bishop argues that his sentence of two years constitutes cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend VIII. Bishop acknowledges that his sentence falls within the prescribed range of a valid statute, but complains that the trial court chose a punishment at the upper end of that punishment range. *But see Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual.").

The State responds that Bishop waived this issue by failing to preserve it in the trial court. We agree.

To preserve an error for appellate review, a party must make a timely and specific objection in the trial court and either obtain an adverse ruling or object to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a). Under Texas law, a claim of cruel and unusual punishment regarding a sentence that falls within the prescribed punishment range is subject to error-preservation requirements. *See Ladd v. State*, 3 S.W.3d 547, 570 (Tex.

4

Crim. App. 1999); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (en banc); *Trevino*, 174 S.W.3d at 927–28 & n.4.

Because Bishop made no objection to the disparity, cruelty, or excessiveness of his sentence, which fall within the limits of a valid statute, his second issue is not preserved for our review. *See* TEX. R. APP. P. 33.1(a).

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of May, 2018.