**Affirmed; Opinion Filed December 30, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01108-CR

**JIMMY PORRAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F06-19430-U**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

This is an appeal from a judgment adjudicating guilt. In one issue, appellant argues the trial court erred in adjudicating guilt and revoking appellant's community supervision because the court lost jurisdiction to revoke appellant's community supervision. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant was indicted for the offense of aggravated sexual assault of a child under the age of fourteen. *See* TEX. PENAL CODE ANN. § 22.021. Sixteen years of age when he committed the offense, appellant and his counsel waived a discretionary transfer hearing in the juvenile court, and the juvenile court waived jurisdiction. The case was transferred to the 291st Judicial District Court. On October 26, 2007, appellant appeared before the trial court and pleaded nolo contendere to the indictment. In accordance with appellant's plea agreement, the trial court deferred an adjudication of guilt and placed appellant on community supervision for a period of five years.

The court also assessed a $500 fine.

On February 17, 2011, the State filed a motion to proceed with an adjudication of guilt. On March 22, 2011, the State withdrew the motion, and the trial court entered an order modifying the terms and conditions of appellant's community supervision.

The trial court subsequently modified the terms of appellant's community supervision and extended the period of community supervision three times. On September 7, 2012, the court extended appellant's community supervision twenty-four months, from October 26, 2012 to October 26, 2014. On September 10, 2014, the court extended the period of community supervision twelve months, from October 26, 2014 to October 26, 2015. On September 23, 2015, the court extended the appellant's community supervision an additional eighteen months, from October 26, 2015 to April 26, 2017.

On December 6, 2016, the State filed a motion to proceed with an adjudication of guilt alleging multiple violations of the terms of appellant's community supervision. Appellant was arrested on March 22, 2017.

The trial court held an adjudication hearing on September 6, 2018. Appellant entered an open plea of true to the allegations in the State's motion. The court accepted appellant's plea, found the allegations in the State's motion to adjudicate true, and granted the motion. The trial court found appellant guilty and sentenced him to eighteen years' imprisonment. The court certified appellant's right to appeal and appellant filed a notice of appeal. Appellant also filed a motion for new trial, which the trial court denied.

## DISCUSSION

In his issue on appeal, appellant contends the trial court erred in adjudicating guilt and revoking appellant's community supervision because the court lost jurisdiction to revoke appellant's community supervision.

We review an order revoking probation under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove by a preponderance of the evidence that a defendant violated the terms of his probation. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *See Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). A single violation of a probation condition is sufficient to support a trial court's decision revoking probation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

The probation revocation proceeding is an administrative hearing, rather than a civil or criminal trial. *Cobb*, 851 S.W.2d at 873. It is considered an extension of the original sentencing portion of the defendant's trial, and therefore it is subject to the continuing jurisdiction of the trial court. *Id*. at 874. The trial court maintains its jurisdiction to hear a motion to adjudicate guilt as long as the motion is filed with the court and a capias is issued before the end of the defendant's probationary period. *See Ex parte Moss*, 446 S.W.3d 786, 792 (Tex. Crim. App. 2014) (citing former article 42.12, section 5(h) of the code of criminal procedure).

In a felony case, the period of deferred adjudication community supervision may not exceed ten years, and for a defendant charged with a felony under sections 21.11, 22.011, or 22.021 of the penal code, regardless of the age of the victim, and for a defendant charged with a felony described by article 42A.453(b) of the code of criminal procedure, the period of deferred adjudication community supervision may not be less than five years. TEX. CODE CRIM. PROC. ANN. art. 42A.103(a). A judge may extend the maximum period of deferred adjudication community supervision in the manner provided by articles 42A.753 or 42A.757 of the code of

criminal procedure. *Id*. art. 42A.103(c); 2 TEX. PRAC. GUIDE CRIM. PRAC. & PROCEDURE § 25:34 (deferred adjudication community supervision; time limits).

Article 42A.752 (titled, "Continuation or Modification of Community Supervision After Violation") provides in part that a judge may, after finding the defendant violated a condition of community supervision, impose any other conditions the judge deems appropriate, including "an extension of the period of community supervision, in the manner described by Article 42A.753." TEX. CODE CRIM. PROC. ANN. art 42A.752(a)(2). Article 42A.753 ("Extension of Community Supervision After Violation") provides in part that "[o]n a showing of good cause, the judge may extend a period of community supervision under Article 42A.752(a)(2) *as frequently as the judge determines is necessary*, but the period of community supervision in a first, second, or third degree felony case may not exceed 10 years. . . ." *Id*. art. 42A.753(a) (emphasis added). Article 42A.757 ("Extension of Community Supervision for Certain Sex Offenders") operates in conjunction with article 42A.753 and applies only to individuals placed on deferred adjudication community supervision for certain sex offenses, including aggravated sexual assault of a child. *See id.* art. 42A.757. Article 42A.757 provides as follows:

> (a) If a defendant is placed on deferred adjudication community supervision after being convicted of an offense under Section 21.11, 22.011, or 22.021, Penal Code, at any time during the period of community supervision, the judge may extend the period of community supervision as provided by this article.
>
> (b) At a hearing at which the defendant is provided the same rights as are provided to a defendant at a hearing under Article 42A.751(d), the judge may extend the defendant's supervision period for a period not to exceed 10 additional years if the judge determines that:
>
> > (1) the defendant has not sufficiently demonstrated a commitment to avoid future criminal behavior; and
> >
> > (2) the release of the defendant from supervision would endanger the public.
>
> (c) A judge may extend a period of community supervision under this article only once.

(d) A judge may extend a period of community supervision for a defendant under both Article 42A.752(a)(2) and this article.

(e) The prohibition in Article 42A.753(a) against a period of community supervision in a felony case exceeding 10 years does not apply to a defendant for whom community supervision is increased under this article or under both Article 42A.752(a)(2) and this article.

*Id*. art. 42A.757.

In this case, on October 26, 2007, the trial court placed appellant on five years' deferred adjudication community supervision for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.103(a). Under article 42A.753(a), the court could extend appellant's community supervision as frequently as the court determined necessary so long as the period of community supervision did not exceed ten years. *See id*. arts. 42A.103(a), 42A.753(a). In fact, the trial court extended appellant's community supervision three times to ultimately end on April 26, 2017—six months short of the ten-year allowable period of community supervision (October 26, 2017). The State filed its motion to proceed with an adjudication of guilt on December 6, 2016, and a capias issued that same day, but the hearing was not held until September 6, 2018— past the discharge date and the expiration of the ten-year limit.

Appellant's argument is that the trial court did not have jurisdiction to revoke his community supervision because although the State filed its motion to revoke prior to the April 2017 discharge date, the court convened the hearing after the discharge date and the expiration of the ten-year limit. Appellant directs our attention to the rules of statutory construction in support of his argument that, in an aggravated sexual assault of a child case, the only way a defendant may be revoked after his mandatory supervision period has expired is if he has been extended under article 42A.757(b). Appellant also argues the trial court did not follow the requirements of that provision. Therefore, according to appellant, his community supervision period ended on April 26, 2017, and the trial court lacked jurisdiction to revoke his community supervision and

adjudicate appellant's guilt on September 6, 2018.

One problem with appellant's argument, however, is that article 42A.757(b) is not the only way to extend a defendant's community supervision. According to article 42A.757(d), a judge may extend a period of community supervision for a defendant under *both* article 42A.752(a)(2) (which in turn refers to article 42A.753) *and* article 42A.757. *See id.* art. 42A.757(d). Article 42A.757 is more specialized in that it applies only to certain offenses, but the provisions clearly refer to and incorporate one another and are intended to work together—each authorizing extension of an individual's community supervision. *See, e.g., Ex parte Perry*, 483 S.W.3d 884, 902 (Tex. Crim. App. 2016) (under principles of statutory construction we construe statutes according to the plain meaning of their language, unless that language is ambiguous or the interpretation would lead to absurd results the legislature could not have intended).

We find nothing in the above statutory provisions that deprives a court of jurisdiction to revoke a defendant's community supervision simply because the revocation hearing was held after the maximum allowable period of community supervision for the offense had expired. Moreover, according to other provisions in the code of criminal procedure, a trial court retains jurisdiction to hold a hearing on a State's motion and to revoke, continue, or modify community supervision "regardless of whether the period of community supervision imposed on the defendant has expired" if, as in this case, before the expiration of the community supervision period, the attorney representing the State filed a motion to revoke community supervision and a capias was issued for the arrest of the defendant. *See id.* art. 42A.751(l); *see also* art. 42A.108(c) (allowing court to retain jurisdiction to hold hearing and proceed with adjudication of guilt regardless of whether period of deferred adjudication community supervision imposed on defendant has expired). Limiting a court's jurisdiction to situations where the hearing was conducted before the maximum allowable period of community supervision ended would render these provisions effectively

meaningless when the defendant was placed on community supervision for the maximum period. *See City of Austin v. Washington*, 384 S.W.3d 766, 786 (Tex. 2012) (we interpret statutes to avoid absurd results)

The trial court in this case accepted appellant's plea of true to the allegations in the State's motion to adjudicate, found the allegations in the motion to adjudicate true, granted the motion, found appellant guilty, and sentenced him to eighteen years' imprisonment. The trial court retained jurisdiction to hold the adjudication hearing and acted within its discretion. We overrule appellant's issue.

The judgment of the trial court is affirmed.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
181108F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JIMMY PORRAS, Appellant

No. 05-18-01108-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F06-19430-U.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of December, 2019.