

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,477-01

### EX PARTE RODNEY KEITH RODGERS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 42593CR/A IN THE 443RD DISTRICT COURT
### FROM ELLIS COUNTY

**WALKER, J., filed a concurring opinion in which NEWELL, J., joined.**

### <u>CONCURRING OPINION</u>

I believe the majority reaches the correct conclusion today. However, I believe the indictment was sufficient on its own to authorize the convicting court to sentence Applicant within the range of punishment for a second-degree felony, and there is no need to rely on *Ex parte Parrott* to reach said conclusion.[1] Moreover, I disagree with the majority's assertion that *Parrott* should apply to jurisdictional enhancements. Accordingly, I respectfully concur.

The majority has resolved that the harm analysis we applied in *Parrott* to a claim of illegal sentence because of illegal punishment enhancements should also be used when an applicant alleges

---

[1] *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013).

that the convicting court did not have subject matter jurisdiction because of an illegal jurisdictional enhancement. An illegal sentence because of an illegal punishment enhancement is not at all analogous to an illegal sentence because the convicting court did not have subject matter jurisdiction. If the convicting court did not have subject matter jurisdiction—because of a defective jurisdictional enhancement or otherwise—the conviction is void.[2] There is no need to perform an analysis to determine if he was harmed. The conviction, regardless of harm, is void. As such, the only analysis that needs to be done is to determine whether the indictment was sufficient to establish subject matter jurisdiction in the convicting court.

One of the purposes of an indictment is to provide an individual with notice of what he or she is being charged with.[3] An indictment is considered sufficient on its face when it "charges the commission of the offense . . . in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged."[4] Moreover, an indictment shall not be held insufficient "by reason of any defect of form which does not prejudice the substantial rights of the defendant."[5]

The indictment in this case charged Applicant with DWI under Penal Code § 49.04. Applicant pled guilty, became punishable for a second-degree felony, and was sentenced to fifteen years, which is in the punishment range of a second-degree felony. To expose an individual to the

---

[2] *Ex parte Moss*, 446 S.W.3d 786, 789 (Tex. Crim. App. 2014); *Ex parte McCain*, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002); *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).

[3] *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).

[4] TEX. CODE CRIM. PROC. art. 21.11.

[5] *Id.* art. 21.19.

punishment range of a second-degree felony for what would otherwise be a misdemeanor, the DWI indictment must allege at least two prior DWI convictions and at least one additional prior felony conviction.[6] The two prior DWI convictions, whether they are felonies or misdemeanors, first elevate the misdemeanor DWI to a third-degree felony. These prior convictions are jurisdictional elements because they shift subject matter jurisdiction from a misdemeanor court to a felony court. The additional prior felony conviction is a punishment enhancement, which elevates the third-degree felony to a second-degree felony. Put otherwise, to authorize a sentence within the punishment range of a second-degree felony for a DWI under § 49.04, the indictment must allege at least two prior DWIs (the jurisdictional elements of felony DWI) and one prior felony (the punishment enhancement).

The indictment in this case alleged three distinct prior DWI felonies. Because they are all DWIs and all felonies, in theory any two could have been used as the jurisdictional elements and the last remaining felony could be used as the punishment enhancement. The "issue" in this case, however, is that the indictment was split up into two sections, the second of which was titled "**PUNISHMENT ENHANCEMENTS**." The first part of the indictment lists two prior convictions-F-9652378-IW and F-9652378-HW-which turned out to be the same conviction. The second part of the indictment, under the "**PUNISHMENT ENHANCEMENTS**" heading, lists two additional convictions-F-0717649-R and F-1261763-M.

Applicant argues that because there is "technically" only one prior DWI conviction alleged as a jurisdictional element, the court did not have subject matter jurisdiction to hear his case. I disagree. First, if an indictment is sufficient when it provides notice to an individual of common

---

[6] TEX. PENAL CODE Ann. § 49.09(b)(2); TEX. PENAL CODE Ann. § 12.42(a).

understanding of what they are being charged with, then the indictment in this case was sufficient on its own to authorize a punishment within the range of a second-degree felony. There was no need to stretch our holding in *Parrott* so that it would be applicable here. In *Teal*, the appellant argued that the indictment was missing one of the elements that elevated the offense from a misdemeanor to a felony.[7] As Applicant argues in this case, Teal contended that the district court did not have subject matter jurisdiction.[8] We disagreed and stated that the complete test for the constitutional sufficiency of a charging instrument regarding jurisdiction is: "Can the district court and the defendant determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which a district court has jurisdiction?"[9] We held that the indictment:

> was nonetheless sufficient to vest jurisdiction—it charged "an offense" and one could fairly conclude from the face of the charging instrument that the State intended to charge a felony offense. If appellant was confused about whether the State did or intended to charge him with a felony, he could have and should have objected to the defective indictment before the date of trial.[10]

There is no question here whether one could fairly conclude from the face of this indictment that the State intended to charge a felony offense. It listed two prior DWI convictions—though they turned out to be for the same offense—clearly suggesting that the State was intending to charge Applicant with a felony. Furthermore, the defense, per trial counsel's affidavits, was fully aware that the State was intending to charge a felony offense. The defense simply elected not to challenge the indictment because it knew the State could come back with additional charges and it would still be a felony.

---

[7] *Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007).

[8] *Id.* (contending that indictment was defective and that defect was jurisdictional).

[9] *Id.* at 181.

[10] *Id.* at 182.

Applicant therefore cannot argue that the indictment failed to establish subject matter jurisdiction.

Second, the only requirement from the DWI statute is that a prior conviction cannot be used as both a jurisdictional element and a punishment enhancement, but "nothing in section 49.09(g) requires the State to specify in the indictment which prior convictions it will 'use' to enhance the underlying felony under the DWI statute or to enhance punishment."[11] Because there is no specification requirement, opting to specify the type of enhancement with a paragraph heading is at most an organizational and stylistic choice. In other words, simply because an offense is listed under the punishment heading does not mean it can *only* be used as a punishment enhancement. The headings can be used to help organize the indictment, but they have no absolute authority. Essentially, the only requirement for subject-matter jurisdiction is that the prior DWI convictions are alleged *somewhere* in the indictment.[12] Because there were three distinct prior convictions that were alleged-all of which were felonies and all of which were DWIs—any two of them could have been used for the jurisdictional element and the remaining one could have been used to elevate the punishment to that of a second-degree felony. Therefore, again, the argument that Applicant's felony punishment was illegal because the indictment did not allege two jurisdictional elements is without merit.

In sum, I agree with the majority that Applicant was not illegally sentenced for a second-degree felony DWI offense. I, however, disagree with *Parrott*'s applicability to jurisdictional

---

[11] *Medina v. State*, No. 05-03-01193-CR, 2004 WL 1832888 at *3, 2004 Tex. App. LEXIS 7355 at *8 (Tex. App.—Dallas Aug. 17, 2004, pet. ref'd) (not designated for publication); TEX. PENAL CODE Ann. § 49.09(g).

[12] *See Jenkins v. State*, 592 S.W.3d 894, 904 (Tex. Crim. App. 2018) (Yeary, J., concurring) (opining that so long as "it is possible to identify" a required element somewhere in "the indictment as a whole," then "for constitutional purposes—the indictment does" contain said element).

elements. Nevertheless, the indictment was both sufficient on its face to give notice to Applicant that the State was intending to charge him with a felony, and it included the required type and amount of prior convictions to elevate a misdemeanor DWI offense to a third-degree felony offense punishable as a second-degree felony. Consequently, because he pled guilty and was sentenced to fifteen years, which is in the range of punishment for a second-degree felony, the indictment supported his conviction and punishment. Therefore, I respectfully concur in the Court's judgment.

Filed: April 8, 2020
PUBLISH