

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-20-00357-CR
07-20-00358-CR

**JAMIE LEE BURNS AKA JAMIE LEE NELSON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 316th District Court
Hutchison County, Texas
Trial Court Nos. 11,257 & 11,393, Honorable James M. Mosley, Presiding

September 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Jamie Lee Burns, aka Jamie Lee Nelson, appeals from judgments revoking her community supervision and sentencing her to prison. Her two issues concern 1) the trial court's alleged loss of jurisdiction to act on the State's motions to revoke and 2) the purported denial to a speedy hearing on the motions. We affirm.

*Jurisdiction*

According to appellant, "[t]he State must exercise due diligence in apprehending the defendant after issuance of a warrant or capias on a State's motion to revoke probation." Because it allegedly did not exercise same and the probation period ended before the trial court heard the motions to revoke, the latter lost jurisdiction over them.

A trial court retains jurisdiction to entertain a motion to revoke probation or community supervision so long as 1) the motion is filed and 2) capias issues before the probationary term expires. *Ex part Moss*, 446 S.W.3d 786, 791 (Tex. Crim. App. 2014). This is true even if the trial court actually hears the motion to revoke after the period expires. *Id.* The record at bar discloses that appellant's probationary period expired in 2019. In November of 2016, though, the State moved to revoke her community supervision, and the trial court issued capias, i.e., ordered appellant's arrest. Thus, it retained jurisdiction to address the State's motions to revoke in 2020.

As for diligence regarding arrest and the State's purported failure to exercise same, such complaints require preservation in the trial court. *Peacock v. State*, 77 S.W.3d 285, 287–88 (Tex. Crim. App. 2002); *High v. State,* No. 07-18-00198-CR, 2019 Tex. App. LEXIS 5143, at *4 (Tex. App.—Amarillo June 19, 2019, no pet.) (mem. op., not designated for publication); *see Harris v. State,* 843 S.W.2d 34, 35 (Tex. Crim. App. 1992) (en banc) (stating that the onus is on the State to show diligence in apprehending the probationer and hearing the allegations in the motion "once the issue is raised by the probationer"). Appellant did not raise the matter below. Thus, it was not preserved for our review.

*Speedy Hearing*

Appellant next contends that she was denied her right to a speedy revocation hearing.  Like her complaint about due diligence, this one also requires preservation in the trial court.  *Henson v. State*, 407 S.W.3d 764, 769 (Tex. Crim. App. 2013); *Huck v. State*, 348 S.W.3d 359, 363 (Tex. App.—Amarillo 2011, no pet.).  It was not.

Accordingly, we overrule the issues before us and affirm the the judgment.


Brian Quinn
Chief Justice


Do not publish.