

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00196-CR

---

SHANNON DEE HARGUES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. 5351, Honorable Curt Brancheau, Presiding

---

December 19, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Shannon Dee Hargues appealed from the trial court's judgment revoking her community supervision and adjudicating her guilt. Her appointed counsel on appeal subsequently filed a motion to withdraw supported by an *Anders*[1] brief. Having found an arguable issue warranting appeal, we grant counsel's motion to withdraw and remand the cause to the trial court for appointment of new appellate counsel.

---

[1] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2 493 (1967).

The record before us illustrates that the State moved to adjudicate appellant's guilt within the three-year term of her community supervision. However, it does not reflect that capias also issued within that period. *See Ex parte Moss*, 446 S.W.3d 786, 792 (Tex. Crim. App. 2014) (stating that both a motion to revoke and the issuance of capias must transpire within the term of probation for the trial court to retain jurisdiction over the proceeding). Thus, a question about the trial court's jurisdiction to adjudicate appellant's guilt exists. Furthermore, appellant's current appointed counsel did not address that in his *Anders* brief.

We grant counsel's motion to withdraw, abate the proceeding, and remand the cause to the trial court. On remand, the trial court shall, by written order, appoint new counsel to represent appellant on appeal. The name, address, email address, telephone number, and State Bar number of newly appointed counsel must be specified in the order. The trial court will then cause its order to be filed in a supplemental clerk's record with the clerk of this court no later than January 10, 2024.

The deadline by which newly appointed counsel must file an appellant's or other brief addressing the aforementioned question of jurisdiction and any other arguable issues is February 9, 2024, unless otherwise extended. Newly appointed counsel may also request the supplementation of the appellate record as needed. Such supplementation, if any, must be requested by written motion filed with the clerk of this court before January 24, 2024.

It is so ordered.

Per Curiam

Do not publish.

2